IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SAVANNAH LICENSING, LLC, ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:22-cv-00116 |
| v. ) | |
| ) | |
| ATLASSIAN, INC., ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Savannah Licensing, LLC ("Savannah") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent Nos. 8,680,992 ("the '992 patent") and 9,454,777 ("the '777 patent") (referred to as the "Patents-in-Suit") by Atlassian, Inc. ("Atlassian").

## I.    THE PARTIES

1. Plaintiff Savannah is a Texas Limited Liability Company with its principal place of business located at 9901 Brodie Lane, Suite 160 PMB925, Austin, TX 78748.

2. On information and belief, Atlassian is a corporation organized and existing under the laws of the state of Delaware, with a principal place of business located at 303 COLORADO ST STE 1600 AUSTIN, TX 78701-0021. On information and belief, Atlassian sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. Atlassian can be served with process at its registered agent, CORPORATION SERVICE COMPANY DBA CSC - LAWYERS INCO, 211 E. 7TH STREET, SUITE 620 AUSTIN, TX 78701, or anywhere else it may be found.

## II.    JURISDICTION AND VENUE

3. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in Texas. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

### III.   INFRINGEMENT

**A. Infringement of the '992 Patent**

6. On March 25, 2014, U.S. Patent No. 8,860,992 ("the '992 patent", included as an attachment and part of this Complaint) entitled "Measuring and Improving the Quality of a User Experience" was duly and legally issued by the U.S. Patent and Trademark Office. Savannah owns the '992 patent by assignment.

7. The '992 patent provide an apparatus and associated systems and methods for improving a user's experience.

8. Atlassian designs, manufactures, markets and sells systems and processes for providing user feedback from a device, that infringe one or more claims of the '992 patent, including one or more of claims 1-29, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '992 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9. Support for the allegations of infringement may be found in the following preliminary table included as exhibit A.

10. These allegations of infringement are preliminary and are therefore subject to change. For instance, there are other of Defendant's products that infringe.

11. Atlassian has and continues to induce infringement. Atlassian has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., systems and processes for providing user feedback) such as to cause infringement of one or more of claims 1–29 of the '992 patent, literally or under the doctrine of equivalents. Moreover, Atlassian has known of the '992 patent and the technology underlying it from at least the filing date of the lawsuit.[1]  For clarity, direct infringement is previously alleged in this complaint.

12. Atlassian has and continues to contributorily infringe. Atlassian has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., systems and processes for providing user feedback) such as to cause infringement of one or more of claims 1–29 of the '992

---

[1] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

patent, literally or under the doctrine of equivalents.  Further, there are no substantial noninfringing uses for Defendant's products and services.  Moreover, Atlassian has known of the '992 patent and the technology underlying it from at least the filing date of the lawsuit. [2]  For clarity, direct infringement is previously alleged in this complaint.

13. Atlassian has caused and will continue to cause Savannah damage by direct and indirect infringement of (including inducing infringement of) the claims of the '992 patent.

**B.  Infringement of the '777 Patent**

14. On September 27, 2017, U.S. Patent No. 9,454,777 ("the '777 patent", included as an attachment and part of this Complaint) entitled "Measuring and Improving the Quality of a User Experience Upon Receiving a Frustration Event Package" was duly and legally issued by the U.S. Patent and Trademark Office.  Savannah owns the '777 patent by assignment.

15. The '777 patent provide an apparatus and associated systems and methods for improving a user's experience.

16. Atlassian designs, manufactures, markets and sells systems and processes for providing user feedback from a device, that infringe one or more claims of the '777 patent, including one or more of claims 1-10, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '777 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service.  Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it. Support for the allegations of infringement may be found in the following preliminary table included as Exhibit B.

---

[2] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

17. These allegations of infringement are preliminary and are therefore subject to change. For instance, there are other of Defendant's products that infringe.

18. Atlassian has and continues to induce infringement. Atlassian has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., systems and processes for providing user feedback) such as to cause infringement of one or more of claims 1–10 of the '777 patent, literally or under the doctrine of equivalents.  Moreover, Atlassian has known of the '777 patent and the technology underlying it from at least the filing date of the lawsuit.[3]  For clarity, direct infringement is previously alleged in this complaint.

19. Atlassian has and continues to contributorily infringe. Atlassian has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., systems and processes for providing user feedback) such as to cause infringement of one or more of claims 1–10 of the '777 patent, literally or under the doctrine of equivalents.  Further, there are no substantial noninfringing uses for Defendant's products and services.  Moreover, Atlassian has known of the '777 patent and the technology underlying it from at least the filing date of the lawsuit. [4] For clarity, direct infringement is previously alleged in this complaint.

20. Atlassian has caused and will continue to cause Savannah damage by direct and indirect infringement of (including inducing infringement of) the claims of the '777 patent.

IV.     **JURY DEMAND**

---

[3] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.
[4] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

Savannah hereby requests a trial by jury on issues so triable by right.

### V. PRAYER FOR RELIEF

WHEREFORE, Savannah prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the Patents-in-Suit;

b. award Savannah damages in an amount sufficient to compensate it for Defendant's infringement of the Patents-in-Suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Savannah an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Savannah its attorneys' fees, expenses, and costs incurred in this action;

e. declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g. award Savannah such other and further relief as this Court deems just and proper.

| | |
|---|---|
| DATED: January 31, 2022 | Respectfully submitted,<br><br>RAMEY & SCHWALLER, LLP<br><br>*/s/William P. Ramey, III*<br>William P. Ramey, III<br>Texas Bar No. 24027643<br>Donald Mahoney<br>Texas Bar No. 24046336<br>5020 Montrose Blvd., Suite 800<br>Houston, Texas 77006<br>(713) 426-3923 (telephone)<br>(832) 900-4941 (fax)<br>wramey@rameyfirm.com<br>tmahoney@rameyfirm.com<br><br>***Attorneys for Savannah Licensing, Inc.*** |